UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:05CR219-J30 EAJ

WENCESLADO CAICEDO-MOSQUERA,
    a/k/a "Wence," a/k/a "Wenceslao,"
    a/k/a "W," a/k/a "Negro,"
    a/k/a "El Viego," a/k/a "Lado,"
    a/k/a "Santiago Caicedo,"
    a/k/a "Huence Caicedo"

21 U.S.C. §§ 952(a), 959, and 963
46 Appendix, U.S.C. §§ 1903(a)(g) & (j)
46 Appendix U.S.C. § 1904 and
21 U.S.C. 970 (Forfeiture Counts)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown date which was no later than January 1999, continuing thereafter up to and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendant,

WENCESLADO CAICEDO-MOSQUERA,
a/k/a "Wence," a/k/a "Wenceslao,"
a/k/a "W," a/k/a "Negro," a/k/a "El Viego,"
a/k/a "Lado," a/k/a "Santiago Caicedo,"
a/k/a "Huence Caicedo,"

did knowingly and willfully combine, conspire, and agree with others known and unknown to the Grand Jury to import into the United States, from a place outside thereof, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 952(a).

In violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii).

## COUNT TWO

From an unknown date which was no later than January 1999, and continuing thereafter up to and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendant,

> WENCESLADO CAICEDO-MOSQUERA,
> a/k/a "Wence," a/k/a "Wenceslao,"
> a/k/a "W," a/k/a "Negro," a/k/a "El Viego,"
> a/k/a "Lado," a/k/a "Santiago Caicedo,"
> a/k/a "Huence Caicedo,"

did knowingly and willfully combine, conspire and agree with other persons whose names are known and unknown to the Grand Jury to manufacture and distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959 [handwritten: 954] 963.

All in violation of Title 21, United States Code, Sections 959 and 960(b)(1)(B)(ii). [handwritten: 963]

## COUNT THREE

From an unknown date which was no later than January1999 and continuing thereafter up to and including the date of this Indictment, in the Middle District of Florida and elsewhere, the defendant,

> WENCESLADO CAICEDO-MOSQUERA,
> a/k/a "Wence," a/k/a "Wenceslao,"
> a/k/a "W," a/k/a "Negro," a/k/a "El Viego,"
> a/k/a "Lado," a/k/a "Santiago Caicedo,"
> a/k/a "Huence Caicedo,"

did knowingly and willfully combine, conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while onboard vessels subject to the jurisdiction of the United States, in violation of Title 46, Appendix, United States Code, Sections 1903(a) and 1903(g).

All in violation of Title 46 Appendix, United States Code, Sections 1903(j) and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## FORFEITURE

1. The allegations contained in Counts One, Two, and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 21, United States Code, Section 970, Title 21, United States Code, Section 853, Title 46 Appendix, United States Code, Section 1904, Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

2. From his engagement in any and all of the violations alleged in Counts One and Two of this Indictment, punishable by imprisonment for more than one year, which counts are realleged and incorporated as if fully set forth herein, the defendant,

> WENCESLADO CAICEDO-MOSQUERA,
> a/k/a "Wence," a/k/a "Wenceslao,"
> a/k/a "W," a/k/a "Negro," a/k/a "El Viego,"
> a/k/a "Lado," a/k/a "Santiago Caicedo,"
> a/k/a "Huence Caicedo,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of his interest in:

3

a. Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and

b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. From his engagement in any and all of the violations alleged in Count Three of this Indictment, punishable by imprisonment for more than one year, which count is realleged and incorporated as if fully set forth herein, the defendant,

> WENCESLADO CAICEDO-MOSQUERA,
> a/k/a "Wence," a/k/a "Wenceslao,"
> a/k/a "W," a/k/a "Negro," a/k/a "El Viego,"
> a/k/a "Lado," a/k/a "Santiago Caicedo,"
> a/k/a "Huence Caicedo,"

shall forfeit to the United States pursuant to Title 46 Appendix, United States Code, Section 1904, Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c), all of his interest in all property subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(1) through (11).

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL,

*James F. Pullin, II*
FOREMAN

PAUL I. PEREZ
United States Attorney

By: *Joseph K. Ruddy*
JOSEPH K. RUDDY
Assistant United States Attorney
Deputy Chief, Narcotics Section