UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:05-CR-219-T-30EAJ

WENCESLADO CAICEDO-MOSQUERA

**NOTICE OF MAXIMUM PENALTY, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS
ELEMENTS**

The essential elements for violations of Title 21, United States Code, Sections

952(a) and 963 as charged in Count One of the Indictment are as follows:

First:          That two or more persons in some way or manner, came to a
                mutual understanding to try to accomplish a common and unlawful
                plan, as charged in the Indictment;

Second:         That the defendant knowingly and willfully joined in the
                conspiracy on one or more occasions.

The essential elements for violations of Title 21, United States Code, Sections

959 and 963 as charged in Count Two of the Indictment, are as follows:

First:          That two or more persons in some way or manner, came to
                a mutual understanding to try to accomplish a common and
                unlawful plan, as charged in the Indictment;

Second:         That the defendant knowingly and willfully joined in the
                conspiracy on one or more occasions.

The essential elements for violations of Title 46 Appendix, United States Code,

Sections 1903(a), and (g) as charged in Count Three of the Indictment, are as follows:

First:          That two or more persons in some way or manner, came to
                a mutual understanding to try to accomplish a common and
                unlawful plan, as charged in the Indictment;

Second:         That the defendant knowingly and willfully joined in the
                conspiracy on one or more occasions.

Further, under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in order for a maximum sentence of life to be applicable to Counts One, Two and Three, the United States must prove, beyond a reasonable doubt, that the offenses alleged in those counts involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.

**PENALTIES**

The offenses charged in Counts One, Two and Three of the Indictment involve more than five (5) kilograms of cocaine, and, accordingly, carry a minimum mandatory sentence of ten (10) years and a maximum penalty of life, a fine of up to four (4) million dollars, a term of supervised release of at least five (5) years and a special assessment of one hundred dollars, for each Count, said special assessment to be due at the time of sentencing.

**FACTUAL BASIS**

From at least as early as January 1999 through the date of the Indictment, May 25, 2005, the defendant agreed with his co-defendants and other co-conspirators to manufacture and distribute more than five kilograms of cocaine in Colombia and utilized commercial fishing and go-fast vessels to transport cocaine from the Pacific coast of Colombia, including the departments of Narino, Valle, the areas of Choco, Pasto, Buenaventura and Tumaco to Central America and elsewhere for ultimate importation into and distribution in the United States and the Middle District of Florida.

Initially, CAICEDO-Mosquera assisted in the bulk "transshipment" and staging of multi-ton quantities of cocaine dispensed to a variety of maritime drug smuggling organizations along the Pacific coast of Colombia and elsewhere, utilizing routes on the eastern Pacific Ocean to a variety of destinations in Central America, including Panama, Guatemala, Mexico, and Costa Rica.  Over time, CAICEDO-Mosquera become responsible for the oversight of several cocaine laboratory production sites in the interior

2

of Colombia and in the negotiations with the paramilitary group known as the Autodefensas Unidas de Colombia (AUC) Bloque Libertadores de Sur (Southern Block) for the provision of safe passage of the processed cocaine from the labs to the coastal launch sites.

Since 2004, CAICEDO-Mosquera facilitated and conducted his own maritime smuggling operations utilizing "go-fast" vessels and fishing vessels transporting multi-ton quantities of cocaine utilizing a variety of fishing vessels both owned and leased. CAICEDO-Mosquera is also involved in the manufacture of cocaine in the cocaine process labs under his control and the construction of "go-fast" vessels utilized in his ongoing operations. CAICEDO-Mosquera and his organization prepared operational and communication plans, dispatched cocaine laden vessels from the areas under his control and coordinated radio communications during the smuggling ventures.

Several maritime interdictions in the Eastern Pacific ocean by the United States Coast Guard have been owned, organized or facilitated by CAICEDO-Mosquera. These interdictions include the F/V RECUERDO (7.5 tons of cocaine) in August 2001, a go-fast vessel (NAZARENO) in November 2002 with approximately 800 kilograms of cocaine recovered, a go-fast vessel (1800 kilograms of cocaine) in August 2003, the F/V BOCANA I (2800 kilograms of cocaine) in October 2003, the F/V JUAN DAVID 3,096 kilograms of cocaine) in December 2003 and the F/V DONE ENRIQUE (3,750 kilograms of cocaine) in May 2004.

All of the interdictions involved either stateless vessels or Colombian-flagged vessels that were prosecuted under United States law with the consent of the Government of Colombia.  These crewmembers of these vessels first entered the United States in the Middle District of Florida.

Respectfully submitted,

A. BRAIN ALBRITTON
United States Attorney


By:     */s/ Joseph K. Ruddy*
JOSEPH K. RUDDY
Assistant United States Attorney
USA No. 037
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:  (813) 274-6338
Facsimile:  (813) 274-6125
Email:     joseph.ruddy@usdoj.gov

**U.S. v. WENCESLADO CAICEDO-MOSQUERA    CASE NO.  8:05-CR-219-T-30EAJ**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Guy Turner, Esq.

/s/ *Joseph K. Ruddy*
JOSEPH K. RUDDY
Assistant United States Attorney
USA No. 037
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:    (813) 274-6338
Facsimile:    (813) 274-6125
Email:        joseph.ruddy@usdoj.gov

N:\_Criminal Cases\C\Caicedo-Mosquera, Wenceslado_2005R01290_JKR\p_notice of elements_Caicedo-Mosquera.wpd