UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:05-cr-219-T-30AEP

**UNITED STATES OF AMERICA**

-vs-  10 September 2009
 8:55 a.m.
**WENCESLADO CAICEDO-MOSQUERA,**  Courtroom 13A

 Defendant.
_____/

TRANSCRIPT OF PROCEEDINGS
*(SENTENCING HEARING)*
**BEFORE THE HONORABLE JAMES S. MOODY, JR.,
UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES

**For the Government:**   **JOSEPH K. RUDDY, ESQUIRE**
 *Assistant United States Attorney*
 *United States Attorney's Office*
 Middle District of Florida
 400 North Tampa Street
 Suite 3200
 Tampa, Florida 33602
 Phone: (813) 274-6338
 Fax: (813) 274-6125
 E-mail: joseph.ruddy@usdoj.gov

**For the Defendant:**   **GUY W. TURNER, ESQUIRE**
 *Guy W. Turner, P.A.*
 2916 Douglas Road
 Suite 2
 Coral Gables, Florida 33134
 Phone: (305) 444-2011
 Fax: (305) 443-2556
 E-mail: guywturner@gmail.com

ALSO PRESENT   **WENCESLADO CAICEDO-MOSQUERA (Defendant)**
 PEDRO MARINO (Court Interpreter)
 JENNIFER ROATH (Probation Officer)
 SARA BOSWELL (Courtroom Deputy Clerk)
 FRANK RAMOS (Court Security Officer)
*(appearances continued on next page)*
STENOGRAPHICALLY REPORTED
COMPUTER-AIDED TRANSCRIPTION

*SHERRILL L. JACKSON, RPR, FPR*
*Federal Official Court Reporter, U.S. District Court*
*Middle District of Florida, Tampa Division*

REPORTED BY          SHERRILL L. JACKSON, RPR, FPR
                     *Federal Official Court Reporter*
                     801 North Florida Avenue
                     Suite 13A
                     Tampa, Florida 33602
                     Phone:  (813) 301-5041

**INDEX TO PROCEEDINGS**

Page

CERTIFICATE OF REPORTER..................................13

*INDEX TO EXHIBITS*

(None offered or received)

```
 1                P R O C E E D I N G S     (8:55 a.m.)
 2            THE COURT:  Swear the interpreter, please.
 3            (The interpreter was duly sworn or affirmed and
 4   responded as follows:)
 5            THE INTERPRETER:  Yes.  Pedro Mariño.  I do.  For
 6   the record, Your Honor, my name is Pedro Marino,
 7   M-A-R-I-Ñ-O.
 8            THE COURT:  Swear the Defendant, please.
 9            THE CLERK:  Sir, would you please rise and raise
10   your right hand.
11            (The Defendant was duly sworn or affirmed through
12   the interpreter and responded as follows:)
13            THE DEFENDANT:  I do.
14            THE CLERK:  Thank you.  Would you please state
15   your name and spell your first and last name for the record.
16            THE DEFENDANT:  (through interpreter) Wenceslado
17   Caicedo-Mosquera, W-E-N-C-E-S-L-A-D-O C-A-I-C-E-D-O.
18            THE COURT:  Show him the face of the presentence
19   report.
20            You have the presentence report?  Would you show
21   it to your client, please?
22            MR. TURNER:  Yes, Your Honor.
23            THE COURT:  Is your name spelled correctly on that
24   presentence report?
25            THE DEFENDANT:  (through interpreter) Yes.
```

```
 1              THE COURT:  All right.  Thank you.  You may have a
 2   seat.
 3              Mr. Caicedo, on June 1st, 2009, you entered a plea
 4   of guilty to Counts 1, 2, and 3 of the indictment charging
 5   you with conspiracy to import into the United States
 6   5 kilograms or more of cocaine in violation of Title 21,
 7   United States Code, Sections 963 and 960(b)(1)(B);
 8   conspiracy to manufacture and distribute 5 kilograms or more
 9   of cocaine, knowing and intending that such substance would
10   be unlawfully imported into the United States in violation
11   of Title 21, United States Code, Sections 959, 963,
12   960(b)(1)(B); and conspiracy to possess with intent to
13   distribute 5 kilograms or more of cocaine while on board
14   vessels subject to the jurisdiction of the United States, in
15   violation of Title 46, United States Code, Section 1903(j)
16   and Title 21, United States Code, Section 960(b)(1)(B).
17              The Court has previously accepted your guilty plea
18   and has adjudged you guilty of those offenses.  We have now
19   reached the stage in the proceeding where it's my duty to
20   address certain questions to you and your lawyer, as well as
21   the lawyer for the Government.
22              Have you had the opportunity to read and discuss
23   the presentence report?
24              THE DEFENDANT:  (through interpreter) Yes.
25              THE COURT:  Do you have any objections to the
```

1  factual accuracy of the report?
2          THE DEFENDANT: (through interpreter) No.
3          THE COURT: Do you or your attorney wish to make
4  any objections to the probation officer's application of the
5  guidelines?
6          MR. TURNER: No, Your Honor.
7          THE COURT: There being no objections to either
8  the factual statements or the application of the guidelines
9  as contained in the presentence report, the Court adopts
10 those statements and guideline applications as its findings
11 of fact and determines that the applicable guidelines are
12 Total Offense Level 39, Criminal History Category I, which
13 calls for imprisonment of 262 to 327 months, supervised
14 release of five years, a fine of $25,000 to $12 million, and
15 a $300 special assessment.
16         Does the Government have a motion?
17         MR. RUDDY: Yes, Your Honor. We filed Document
18 Number 64, Your Honor, and we would make a motion requesting
19 the Court grant a six-level downward departure based upon
20 substantial assistance provided by the Defendant to law
21 enforcement.
22         As indicated in the motion, because of the
23 circumstances of the cooperation, we'd ask permission to
24 advise the Court of the specifics of that at sidebar in
25 camera.

1     THE COURT: That's not necessary. We continued
2 the case so the parties could reach an agreement. I assume
3 the Defendant is in agreement with this motion?
4     MR. TURNER: Yes, Your Honor.
5     THE COURT: All right. I grant the Government's
6 motion. That makes it the equivalent of Offense Level 33,
7 Category I. It calls for 135 to 168 months.
8     Any other changes?
9     THE PROBATION OFFICER: No, Your Honor.
10     THE COURT: Mr. Caicedo, would you like to say
11 anything or present any information in mitigation of the
12 sentence?
13     MR. TURNER: Your Honor --
14     THE DEFENDANT: (through interpreter) My attorney.
15     MR. TURNER: Your Honor, because of the delicate
16 circumstances involved, which are ongoing, we are not
17 prepared to make any statements in court today other than
18 that Mr. Caicedo -- what has been represented by the
19 Government is true; and without going into detail, I feel it
20 would be not in his best interest to address that issue at
21 this forum in this -- under these circumstances.
22     If the Court wishes to hear further, I'll be glad
23 to come to sidebar.
24     THE COURT: No. That's fine.
25     Do you know of any reason why the Court should not

```
 1  now proceed with imposition of a sentence?
 2           MR. TURNER:  No, Your Honor.
 3           THE COURT:  The Court has asked the Defendant why
 4  judgment should not now be pronounced and has heard no cause
 5  to the contrary, and Mr. Caicedo having declined to make a
 6  statement, the Court having reviewed the presentence report
 7  and considered the factors of 18 USC, Section 3553, and the
 8  Sentencing Reform Act of 1984, it is the judgment of the
 9  Court that the Defendant, Wenceslado Caicedo, is hereby
10  committed to the custody of the Bureau of Prisons, to be
11  imprisoned for a term of 168 months.
12           This term consists of terms of 168 months on each
13  of Counts 1, 2, and 3, with the terms running concurrently.
14           Upon release from imprisonment, the Defendant
15  shall serve a five-year term of supervised release.  This
16  term consists of five-year terms as to counts 1, 2, and 3,
17  with the terms running concurrently.
18           While on supervised release, the Defendant shall
19  comply with the standard conditions adopted by the Court in
20  the Middle District of Florida.
21           In addition, the Defendant shall comply with the
22  following special conditions:  One, the Defendant shall
23  participate in a substance-abuse program, outpatient and/or
24  inpatient, and follow the probation officer's instructions
25  regarding the implementation of this court directive.
```

Further, the Defendant shall contribute to the costs of these services, not to exceed an amount determined reasonable by the probation office's sliding scale for substance-abuse treatment services.

During and upon the completion of this program, the Defendant is directed to submit to random drug testing.

Two, the Defendant shall participate in a mental-health treatment program, outpatient and/or inpatient, and follow the probation officer's instructions regarding the implementation of this court directive.

Further, the Defendant shall contribute to the costs of these services, not to exceed an amount determined reasonable by the probation office's sliding scale for mental-health treatment services.

Three, if the Defendant is deported, he shall not re-enter the United States without the express permission of the appropriate governmental authority.

The Defendant shall cooperate in the collection of DNA as directed by the probation officer.

The mandatory drug-testing requirements of the Violent Crime Control Act are imposed. The Court orders the Defendant to submit to random drug testing, not to exceed 104 tests per year.

Mr. Ruddy, the presentence report said that the Colombian government confiscated Mr. Caicedo's assets. Is

```
 1  that correct?
 2          MR. RUDDY:  Yes, Your Honor.
 3          THE COURT:  Based on the financial status of the
 4  Defendant, the Court waives imposition of a fine.  It is
 5  ordered that the Defendant pay to the United States a
 6  special assessment of $300, which is due immediately.
 7          The Court finds that the sentence imposed is
 8  sufficient but not greater than necessary to comply with
 9  statutory purposes of sentencing in light of the 5K1 motion
10  filed by the Government.
11          The Court having pronounced sentence, does counsel
12  for the Defendant or the Government have any objections to
13  the sentence or the manner in which the Court pronounced
14  sentence?
15          MR. RUDDY:  No, Your Honor.
16          MR. TURNER:  Your Honor, if I can be heard
17  briefly.
18          Since the Court doesn't wish sidebar, I want to
19  make a statement in open court.  The Defendant, because of
20  what had had happened in this case, and his family are under
21  severe risk of bodily harm.  I did not request to make the
22  statement in open court previously because I was concerned
23  with the security situation.  That security concern
24  continues today, and I -- I would have requested at sidebar
25  the lowering of the guidelines.  I would also have made the
```

1  Court aware of certain other circumstances which are ongoing
2  and which continue to endanger this gentlemen.
3       I would ask the Court -- other than the -- that
4  statement that I feel that perhaps that I was negligent in
5  not making that statement in open court prior to the Court
6  issuing its decision as to sentencing, I have no other
7  objection.
8       THE COURT:  I'm not sure I understand your
9  objection.
10      MR. TURNER:  I object to the high end of the
11 guidelines, Your Honor, and I would have argued for the low
12 end of the guidelines, but I was concerned with arguing in
13 open court.
14      THE COURT:  Okay.  I understand your argument.
15 Mr. Caicedo's getting a very low sentence as it is.
16      MR. TURNER:  Yes, Your Honor, but I think the
17 circumstances, if you heard the details, would warrant that
18 sentence.
19      THE COURT:  Taking into account what you just told
20 me does not change my mind about the appropriate sentence in
21 this case.
22      MR. TURNER:  Thank you, Your Honor.  Then we
23 have -- then we have no other objection as to the sentence.
24 Can we be heard on two other matters?
25      THE COURT:  All right.

1   MR. TURNER: One other matter is, one, where the
2   Defendant serves his time. We'd ask that he serve his time
3   either in Miami FCI. I've spoken to the Government. The
4   Government agrees with that recommendation. Or if that's
5   not unavailable, then Coleman.
6   The second request is that he be given time served
7   from the date of his arrest in Colombia, which was
8   March 24th, 2005. That date's contained in the PSI.
9   THE COURT: Was this -- was it continuous since
10  that time?
11  MR. TURNER: Yes, Your Honor. He's never been out
12  of jail. Actually, he was arrested a little before that but
13  in a different country and he was held in Colombia before
14  being extradited here.
15  THE COURT: All right. I'll make both of those
16  recommendations.
17  MR. TURNER: Thank you, Your Honor.
18  Nothing else from the Defense.
19  THE COURT: Sara, that date is March 24th, 2005.
20  MR. TURNER: Yes, Your Honor.
21  THE COURT: If the Defendant is hereby remanded to
22  the custody of the United States Marshal to await
23  designation by the Bureau of Prisons.
24  Mr. Caicedo, you have the right of appeal from the
25  judgment and sentence within ten days from this date.

```
 1  Failure to appeal within the ten-day period shall be a
 2  waiver of your right to appeal.
 3              You should have in front of you a form entitled
 4  "Declaration of Intent to Appeal."
 5              Does he have that form in front of him?
 6              MR. TURNER:  Yes, Your Honor, I have it.  Yes,
 7  sir.
 8              THE COURT:  That form states whether you do or do
 9  not wish to file an appeal.  I direct you to complete the
10  form and file it at the end of the ten-day appeal period.
11              If you do not return the form to the Clerk's
12  Office, whose address is at the bottom, I will accept that
13  as an acknowledgment that you do not wish to file an appeal,
14  that that was an informed and voluntary choice on your part.
15              The Government also has a right to file an appeal
16  from this sentence.
17              You're advised that you're entitled to the
18  assistance of a lawyer in taking an appeal; and if you're
19  unable to afford a lawyer, one will be provided for you.
20              If you are unable to afford the filing fee, the
21  Clerk of the Court would be directed to accept the notice of
22  appeal without such fee.
23              We're adjourned.
24              MR. TURNER:  Thank you, Your Honor.
25              (Adjourned at 9:13 a.m.)
                        - - - - -
```

CERTIFICATE OF REPORTER

I, SHERRILL L. JACKSON, Federal Official Court Reporter for the United States District Court, Middle District of Florida, Tampa Division,

DO HEREBY CERTIFY, that I was authorized to and did, through use of Computer-Aided Transcription, report in shorthand the proceedings and evidence in this cause, as stated in the caption on page 1 of this transcript, and that the foregoing pages numbered 1 to 13, inclusive, constitute a true and correct transcription of my shorthand report of said proceedings and evidence.

IN WITNESS WHEREOF I have hereunto set my hand this 22nd day of November, 2009.

*s/Sherrill L. Jackson*
_____
SHERRILL L. JACKSON, RPR, FPR
Federal Official Court Reporter